IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERRY A. PERSINGER,

      Petitioner,

    v.

WARDEN, MARION CORRECTIONAL
INSTITUTION,

      Respondent.

CASE NO. 2:20-CV-01577
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. It is therefore **RECOMMENDED** that this action be **DISMISSED.**

### I. BACKGROUND

Petitioner challenges his April 2019 convictions after a jury trial on four counts of unlawful sexual conduct with a minor. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

{¶ 2} In 2008, appellant was convicted of four counts of unlawful sexual conduct with a minor, R.C. 2907.04, all felonies of the second degree. The trial court thereafter imposed an aggregate prison term of twenty years, consisting of terms of eight years (count 1), six years (count 2), six years (count 3), and six years (count 4), with counts 3 and 4 to be served concurrently with each other. Appellant directly appealed from his convictions and sentence, challenging the sufficiency of the indictment and the imposition of court costs, and alleging ineffective assistance of counsel. On November 3, 2009, we overruled appellant's three assigned errors and affirmed the convictions and sentence. *See State v. Persinger*, 5th Dist. Morrow No. 08-CA-14, 2009-Ohio-5849. Appellant was thereafter unsuccessful in pursuing an appeal to the Ohio Supreme Court.

{¶ 3} In 2012, appellant filed a petition for post-conviction relief, which was overruled by the trial court. We dismissed appellant's subsequent appeal for want of an appellant's brief. *State v. Persinger*, 5th Dist. Morrow No. 12–CA–11.

{¶ 4} In 2013, appellant filed a motion to correct sentence, which was also overruled. We dismissed appellant's subsequent appeal as untimely. *State v. Persinger*, 5th Dist. Morrow No. 14 CA 0001.

{¶ 5} Appellant also filed a petition for a writ of habeas corpus in federal court, which was dismissed on October 15, 2015. *See Persinger v. Marion Correctional Institution,* S.D. Ohio No. 2:15–CV–02653, 2015 WL 5999321.

{¶ 6} On May 3, 2017, appellant filed a "Motion to Arrest Judgment, Pursuant to R.C. 2947.02(a)(b)." In addition, on August 28, 2017, appellant filed a "Motion to Vacate Void Judgment," arguing the trial court had failed to properly notify him of post-release control in 2008. Both motions were overruled by the trial court on October 5, 2017.

{¶ 7} Appellant thereupon appealed to this Court, raising one assigned error. Upon review, we noted that the 2008 sentencing entry utilized PRC notification language of "up to a maximum of (5) years," which the State conceded was incorrect. *See State v. Persinger*, 5th Dist. Morrow No. 2017CA0007, 2018-Ohio-1076, ¶ 16; R.C. 2967.28(B)(1). But we specifically determined that there would be "no need" for a new sentencing hearing in the matter. *Id.* at ¶ 17. We proceeded to sustain appellant's sole assignment of error "to the extent that we remand[ed] [the] matter to the trial court for preparation of a nunc pro tunc entry reflecting that the mandatory duration of post release control is five years." *Id.* at ¶ 18.

{¶ 8} Following the aforesaid remand, the trial court issued a judgment entry nunc pro tunc, stating therein that it had notified appellant that his PRC was "mandatory in this case for five (5) years * * *." Judgment Entry of Sentencing, April 10, 2018 at 2.

2

{¶ 9} Appellant filed a pro se notice of appeal on May 4, 2018. He herein raises the following two Assignments of Error:

{¶ 10} "I. THE TRIAL COURT ERRED BY CHANGING THE NATURE OF POST RELEASE CONTROL WITHOUT A HEARING PURSUANT TO R.C. 2929.191 THUS VIOLATING THE APPELLANT'S PROCEDURAL DUE PROCESS UNDER OHIO CONSTITUTION ART. I SECT. 16.

{¶ 11} "II. THE TRIAL COURT LACK [SIC] JURISDICTION TO ADD A CRIMINAL PUNISHMENT TO AN OFFENSE WHICH THE PRISON TERM HAS BEEN COMPLETED THUS DENYING THE APPELLANT PROTECTION FROM DOUBLE JEOPARDY AND DUE PROCESS UNDER THE U.S. CONSTITUTION 5TH AND 14TH AMENDMENT[S] AND OHIO CONSTITUTION ART. I SECT. 10 AND SECT. 16."

*State v. Persinger,* 5th Dist. No. 2018CA0005, 2018 WL 6335842, at *1–2 (Ohio Ct. App. Nov. 27, 2018). On November 27, 2018, the appellate court affirmed the trial court's judgment. *Id*. On April 3, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Persinger*, 155 Ohio St.3d 1412 (Ohio 2019).

On March 3, 2020, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. He asserts that the trial court violated the Double Jeopardy Clause by imposing additional punishment when it issued a nunc pro tunc judgment entry of sentence (claim one); and that the trial court unconstitutionally re-sentenced Petitioner without his presence (claim two). Plainly, however, neither of these claims provide a basis for relief.

## II. STANDARD OF REVIEW

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the standards of the Antiterrorism and Effective Death Penalty Act ("the AEDPA") govern this case. The United States Supreme Court has described the AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme

3

malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

The AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under the AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)), *cert. denied sub nom. Coley v. Robinson,* 134 S.Ct. 513 (2013). The Sixth Circuit has summarized these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,] or (2) "the state court confronts facts that are materially

4

>indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405. 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id*. at 748-49. The burden of satisfying the AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. CLAIM ONE

Petitioner asserts that the trial court unconstitutionally increased his sentence, in violation of the Double Jeopardy Clause, when it issued a nunc pro tunc judgment entry of sentence to properly notify Petitioner of the mandatory term of five years post-release control. The record, however, does not support this claim. The appellate court made the following factual findings:

>{¶ 11} Because appellant was ultimately sentenced upon felony sex offenses, he was subject to a five-year mandatory term of post-release control. See R.C. 2967.28(B)(1); R.C. 2929.19(B)(2)(c).
>
>\*\*\*
>
>{¶ 16} We appreciate appellee's concession that the duration of the post-release control period is misstated and "up to" 5 years does not properly describe the duration of the post-release control period. *See, State v. Hall*, 2017-Ohio-4376, 93 N.E.3d 35, ¶ 25 (11th Dist. 2017), appeal not allowed, 151 Ohio St.3d 1428, 2017-Ohio-8371, 84 N.E.3d 1065 ["up to" is discretionary language and does not state a definite term].
>
>{¶ 17} This is not a case, however, in which the trial court failed to mention post-release control at all in the sentencing entry; appellant was notified he was subject to a mandatory term of post release control. . . . We find this is a case in which the essential purpose of notice has been fulfilled, there is no need for a new sentencing hearing to remedy the flaw, and the original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to appellant's completion of his prison term. . . .

5

> In the entry from which appellant appealed, the trial court in fact suggested this remedy but the appeal intervened.
>
> {¶ 18} We therefore sustain appellant's sole assignment of error to the extent that we remand this matter to the trial court for preparation of a nunc pro tunc entry reflecting that the mandatory duration of post release control is five years.

*State v. Persinger*, 109 N.E.3d 655, 657–59 (Ohio Ct. App. Mar. 22, 2018).

Thus, the trial court did not impermissibly increase Petitioner's sentence, but imposed the same aggregate sentence and mandatory term of post-release control.

The state appellate court rejected Petitioner's claim that issuance of a nunc pro tunc judgment entry of sentence violated the Double Jeopardy Clause:

> [A]ppellant argues the trial court erred and violated his constitutional rights upon our prior remand by effectively adding a criminal punishment without jurisdiction to do so. We disagree.
>
> {¶ 18} Appellant first directs us to *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382 (2013), wherein the Ohio Supreme Court held in pertinent part: "A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.*, at paragraph three of the syllabus.
>
> {¶ 19} Appellant points out that at the time of his PRC correction in 2018, he had served roughly ten years in prison, indicating that at least one of his prison terms was therefore completed. However, it is well-established that periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other. *State v. Blankenship*, 5th Dist. Delaware No. 16 CAA 0024, 2017-Ohio-7267, ¶ 56, citing R.C. 2967.28(F)(4)(c). Under the circumstances presented, and in light of his multiple convictions (all felonies of the second degree), we find appellant cannot establish prejudicial error under *Holdcroft* as a result of the trial court's correction of his PRC via a nunc pro tunc judgment entry.
>
> {¶ 20} Appellant also suggests that the judgment entry under appeal violated his constitutional protection against double jeopardy. In support he cites *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684 (2012). However, the issue in *Raber* was not post-release control; it was whether the trial court retained authority to classify the defendant as a Tier I sex offender more than a year after his conviction for a sexually oriented offense. *See id.* at ¶ 1. Moreover, "Ohio courts have rejected the assertion that correcting a statutorily deficient

6

sentence on remand violates the constitutional protections against double jeopardy." *State v. June*, 10th Dist. Franklin No. 12AP-901, 2013-Ohio-2775, ¶ 9.

*Persinger*, 2018 WL 6335842, at *2–3.

Again, the appellate court indicated that issuance of the nunc pro tunc entry was for the purpose of correcting an error, and that it did not alter the original sentence imposed, that had included a mandatory term of five years post-release control. The correction of an error in a sentencing entry pursuant to the remand from the state appellate court does not violate the Double Jeopardy Clause.

> The Double Jeopardy Clause protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In B*ozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947), the Supreme Court held that the Double Jeopardy Clause was not violated when the trial court corrected a sentence by adding a fine to a previously-imposed term of imprisonment. The Court explained:
>
>> If [an] inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. This Court has rejected the doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. In this case the court only set aside what it had no authority to do, and substituted directions required by the law to be done upon the conviction of the offender. It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.
>
> 330 U.S. at 166–67 (citations omitted).

*Foster v. Warden*, No. 1:15-cv-713, 2018 WL 6803733, at * 3 (S.D. Ohio Dec. 27, 2018). Thus, Petitioner's corrected sentence in the nunc pro tunc entry does not violate the Double Jeopardy Clause.

Claim one is without merit.

## IV. CLAIM TWO

Petitioner asserts that the trial court unconstitutionally re-sentenced him without his presence at a critical stage of the proceedings. However, the state appellate court stated that Petitioner had invited any error in the trial court's failure to hold a hearing:

> Assuming, arguendo, an appellate remand without directing a hearing was in error, we would find the doctrine of invited error applicable. This doctrine specifies that a litigant may not take advantage of an error which he himself invited or induced. *See Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co., Lincoln–Mercury Div.,* 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus.

*Presinger*, 2018 WL 6335842, at *3. Petitioner therefore arguably has waived this claim for review. *See Wycuff v. Haviland*, No. 2:19-cv-3549, 2020 WL 529299, at *11–12 (S.D. Ohio Feb. 3, 2020) (citations omitted) (state appellate court's application of invited error review bars federal habeas corpus review); *see also Fields v. Bagley*, 275 F.3d 478, 485–86 (6th Cir. 2001).

Nonetheless, Petitioner's claim plainly lacks merit. "The issuance of the nunc pro tunc judgment entry does not constitute a critical stage of the criminal proceedings." *Foster,* 2018 WL 6803733, at *1 (S.D. Ohio Dec. 27, 2018) (citing *Brister v. Kelly*, No. 2:14-CV-2024, 2015 WL 7076607, at *5 (S.D. Ohio Nov. 13, 2015), report and recommendation adopted, No. 2:14-CV-2024, 2015 WL 8485262 (S.D. Ohio Dec. 9, 2015)). A criminal defendant has no constitutional right to be present where, as here, the trial court issues a nunc pro tunc judgment entry of sentence for correction of an error. *See Mitchell v. Warden*, No. 2:17-cv-419, 2018 WL 1907425, at *7 (S.D. Ohio April 23, 2018).

> "[E]ven in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (citing *Snyder v. Massachusetts*, 291 U.S. 97, 105–106 (1934) ). In other words, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute

8

>to the fairness of the procedure." *Id.* However, the Supreme Court "has emphasized that this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow[.]'" *Id.* (citing *Snyder,* at 106-07). Thus, the Petitioner had no constitutional right to be present when the trial court did nothing more than issue a corrected sentencing entry to correct a clerical mistake, so that the judgment entry would accurately reflect what had occurred at sentencing. *See Falkenstein v. Kelly*, No. 1:14-cv-1629, 2015 WL 3824369, at *2 (N.D. Ohio June 19, 2015) (no constitutional right to be presence at a hearing on post release control for issuance of nunc pro tunc entry to reflect what had taken place at sentencing) (citing *Kentucky v. Stincer*, 482 U.S. 730 (1987) ). Further, the Petitioner cannot establish prejudice based on his absence from the trial court's correction of his sentence. *See Howard v. Wilson*, No. 1:07-cv-3240, 2008 WL 4837563, at *8 (N.D. Ohio Oct. 8, 2008) (harmless error applies to the denial of the right to be present).

*Id*.

Claim two is without merit as a result.

## V. DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED**.  The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on  Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o: Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  April 21, 2020                                    /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE